[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The above entitled matter was brought by verified petition to establish the paternity of a child born to the petitioner on April 21, 1985, and such other relief as may pertain, to this court (Geographical Area No. 17) May 21, 1986, and thence to the present time when the parties appeared for a hearing upon transfer of the matter on November 3, 1987 to the Judicial District of Hartford/New Britain at New Britain and were at issue as on file.
The court having heard the parties, finds:
1. The plaintiff is a single women for more than one year prior to the date of the birth of a child to her and is still single.
2. The plaintiff was employed as a sales person and later as regional manager of Nimslo Professional Products of which the defendant was president.
3. The parties had their first date in May 1984. The parties had dinner and exchanged "pleasantries". An offer of promotion was made to plaintiff.
4. After dinner the parties went to his condominium. The parties had sexual intercourse.
5. On subsequent weekends the parties socialized.
6. The plaintiff and defendant were together on July 3, 4, and 5, 1984, at which time the parties had sexual intercourse. The parties are Caucasian.
7. The plaintiff did not have sexual intercourse with anyone other than the defendant during the four months before and the four months after the period of July 3, 4, and 5, 1984. CT Page 1750
8. On April 21, 1985, the plaintiff gave birth to a child, of her body, conceived on or about July 4, 1984 at Woodbury, Connecticut. She told the defendant, her mother and best friend. No other person but the defendant was named the father by the plaintiff.
9. The plaintiff on April 24, 1985 stated the defendant as the father on the Waterbury Hospital Health Center Live Birth Hospital Worksheet. See Plaintiff's Exhibit C. Plaintiff called defendant after birth of the child from the hospital.
10. Defendant offered to pay for an abortion when plaintiff became aware of the pregnancy and informed defendant.
11. After birth of the child, the defendant was concerned about the child, came to see the child and specifically requested that plaintiff put him in her will as the guardian of the child. See Deposition of Mary Miller (Defendant's Exhibit 1A).
12. Defendant told plaintiff that the child would be included in his will and he would make sure the child would be cared for.
13. After plaintiff returned to work from maternity leave the parties resumed personal relationship and for approximately two weeks the defendant stayed at plaintiff's home. He left the plaintiff a check to reimburse her for food expenses. See Plaintiff's Exhibit D.
14. The Hartford Hospital performed tests on blood samples of both parties and the child under the supervision of Dr. Herbert Silver for purposes of testing paternity. The defendant consented to take the tests. Plaintiff's Exhibit I consisting of 5 pages. (Consent a part thereof).
15. The results from the blood tested were reported by Dr. Herbert Silver, M.D., Director, Blood Bank and Immunohematology. Plaintiff's Exhibit I consisting of 5 pages. The tests do not exclude the defendant from paternity.
16. The child born on April 21, 1985 to the plaintiff is pictured by Plaintiff's Exhibits A and 13. The child resembles the defendant.
Creditability is for the trier of facts to determine. The court finds the evidence and testimony of the plaintiff to be more believable than that of the defendant. CT Page 1751
Taking into consideration all the evidence, exhibits and facts found, the court finds the defendant guilty as alleged in the complaint.
Whereupon it is adjudged, that the defendant is the father of the plaintiff's child and that he stands charged with the support and maintenance.
It is ordered the defendant to pay the plaintiff the lying in expenses and the support and maintenance to date, a reasonable amount for attorney fees plus costs of this action.
JOSEPH F. MORELLI STATE TRIAL REFEREE